S90A1575. SOUTHEASTERN LEGAL FOUNDATION, INC. v. LEDBETTER et al.

(400 SE2d 630)

FLETCHER, Justice.

On April 24, 1990, shortly after his release from Georgia Regional Hospital, James Calvin Brady allegedly shot a number of people in a

shopping mall.[1] Thereafter the Atlanta Journal and Atlanta Constitution filed this action against the Commissioner of the Department of Human Resources and the Superintendent of Georgia Regional Hospital,[2] seeking access to certain of Brady's mental health records under the Open Records Act, OCGA § 50-18-70 et seq.[3] Appellant Southeastern Legal Foundation was permitted to intervene in the lawsuit as a party plaintiff. The trial court denied the request for disclosure, finding that the records sought are exempt from the Open Records Act. We agree with the conclusions of the trial court and affirm.

1. Appellant filed a petition for "access to the mental health records of James Calvin Brady." Appellant later clarified its request to seek those mental health records which directly or indirectly affected Brady's release from custody. We agree with the trial court that the records sought are clinical records within the meaning of OCGA § 37-3-1 (2) of the Mental Health Act,[4] as they are records "pertaining to an individual patient['s] . . . progress notes . . . and discharge data. . . ." OCGA § 37-3-166 (a) provides that the clinical record maintained for each mental health patient "shall not be a public record and no part of it shall be released. . . ."[5] The Open Records Act, OCGA § 50-18-70 (b), does not apply to "state . . . records . . . which by law are prohibited or specifically exempted from being open to inspection by the general public." Therefore, the disclosure provisions of OCGA § 50-18-70 (b) do not apply to clinical records as defined by OCGA § 37-3-1 (2), and the trial court correctly concluded that the appellant may not have access to the mental health records of James Calvin Brady by way of the Open Records Act.

2. Because of our holding in Division 1, we find it unnecessary to address appellant's remaining arguments.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1991.

*Robert L. Barr, Jr., G. Stephen Parker, Robert B. Baker, Jr., for*

---

[1] This case is pending in DeKalb County.

[2] Appellee Georgia Psychological Association was permitted to intervene as a party defendant in the case.

[3] The Atlanta Journal and Atlanta Constitution are not parties to this appeal.

[4] Under OCGA § 37-3-1 (2),

"Clinical record" means a written record pertaining to an individual patient and shall include all medical records, progress notes, charts, admission and discharge data, and all other information which is recorded by a facility or other entities responsible for a patient's care and treatment under this chapter and which pertains to the patient's hospitalization and treatment. Such other information as may be required by rules and regulations of the board shall also be included.

[5] Certain exceptions are enumerated, but none is directly applicable to this case.

appellant.

*Michael J. Bowers, Attorney General, Patricia G. Downing, Assistant Attorney General, Dow, Lohnes & Albertson, Peter C. Canfield, Remar & Graettinger, Robert B. Remar, Powell, Goldstein, Frazer & Murphy, Jennifer Falk Weiss*, for appellees.